1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RIGOBERTO MELERO AGUIRRE,

              Petitioner,

   v.

CYNTHIA ENTZEL,

              Respondent.

Case No. CV 16-07410 MWF (AFM)

**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION**

### INTRODUCTION

On October 4, 2016, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). Although petitioner is incarcerated within the territorial limits of the Central District of California, he is purporting to challenge the legality of a 2011 conviction he sustained in the United States District Court for the Western District of Texas. The Petition raises one ground for federal habeas relief: Petitioner is actually innocent, as he did not commit the acts underlying his conviction, and he requests a hearing on the issue.

As discussed below, the instant Petition is subject to summary dismissal for lack of subject matter jurisdiction because a motion to contest the legality of a

sentence generally must be filed in the sentencing court pursuant to 28 U.S.C. § 2255, and the narrow exception to the general rule does not apply here. Moreover, it would be inappropriate to transfer this action to any other court.

## PROCEDURAL HISTORY

In January 2011, petitioner was convicted in the United States District Court for the Western District of Texas ("sentencing court"), pursuant to his guilty plea of conspiring to possess with intent to distribute a quantity of cocaine greater than 5 kilograms.  He was sentenced to 300 months in federal prison.  *United States v. Aguirre*, 3:09-cr-1267-FM-2 (W.D. Tex.), ECF Nos. 281, 517.[1]

In March 2015, petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 in the sentencing court.  The sentencing court denied the motion in April 2015.  *Aguirre*, ECF Nos. 472, 477-78.

In June 2016, petitioner filed a second motion to vacate sentence under 28 U.S.C. § 2255 in the sentencing court.  In July 2016, the sentencing court dismissed the motion as successive, but without prejudice to petitioner seeking permission from the Fifth Circuit Court of Appeals to file a successive petition.  *Aguirre*, ECF Nos. 516-18.

In the interim, in October 2014, the United States District Court for the Western District of Texas issued a Standing Appointment Order in which the Federal Public Defender was appointed to represent any defendant in the district seeking relief under 18 U.S.C. § 3582(c), based on the Sentencing Commission's retroactive reduction of the guideline range for many drug offenses.  Petitioner's currently has a pending motion in the sentencing court to reduce his sentence under § 3582(c).  *Aguirre*, ECF Nos. 524-25.

---

[1]    The Court takes judicial notice of the relevant docket from petitioner's criminal and habeas proceedings.  *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

**DISCUSSION**

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* (*quoting* 28 U.S.C. § 2255). "We refer to this section of § 2255 as the 'savings clause,' or the 'escape hatch.'" *Id.* (citation omitted).

A § 2241 petition may be brought under § 2255's "savings clause" or "escape hatch" when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *See Harrison*, 519 F.3d at 959; *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Further, a claim of actual innocence for purposes of the savings clause of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998) -- i.e., the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Stephens*, 464 F.3d at 898 (*citing Bousley*, 523 U.S. at 623); *see also Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

Neither requirement for application of the savings clause has been met in this case. First, petitioner's claim of actual innocence is vague, is unaccompanied by any evidence, and consists solely of a request for a hearing on the issue. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial"). More important, petitioner's claim of actual innocence is foreclosed by his guilty plea, which is

entitled to a strong presumption of truth.  *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (petitioner was not entitled to application of the savings clause to his § 2241 petition where his claim of actual innocence was belied by his guilty plea) (*citing Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), and other cases); *see also United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual basis of a valid plea must fail.").

Second, even assuming that petitioner could raise a viable claim of actual innocence, he cannot show that he never had an unobstructed procedural shot at presenting that claim.  Since petitioner always would have known that he did not commit the crime for which he was convicted, nothing would have prevented him from asserting such a claim in a timely manner in the court in which he was convicted.  *See Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (to show that he was denied an "unobstructed procedural shot," a habeas petitioner must never have had the opportunity to raise the claim by motion).

In sum, the Court lacks jurisdiction to consider this Petition under 28 U.S.C. § 2241.  Rather, the instant Petition is a successive § 2255 motion in disguise.  *See Harrison v. Ollison*, 519 F.3d 952, 961-62 (9th Cir. 2008).

The only remaining question is whether this action should be transferred to any other court in which the action could have been brought.  *See* 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties."  *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).  "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice."  *Id.*

Here, the interests of justice would not be served by transferring this action, because petitioner could not meet the requirements to obtain permission to file a successive § 2255 petition in the sentencing court.  Under 28 U.S.C. § 2255(h), a

second or successive motion by petitioner would have to be certified by the Fifth Circuit to "contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Neither requirement would be met here. In particular, petitioner has not put forth or even identified any newly discovered evidence that, if true, would constitute clear and convincing evidence of his actual innocence of the crime to which he pled guilty. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (declining authorization to file successive petition under § 2255(h) in part because petitioner had failed to identify any newly discovered evidence of actual innocence); *In re Lampton*, 667 F.3d 585, 590 n.23 (5th Cir. 2012) (petitioner's contention that he was "factually and/or legally innocent" was insufficient to satisfy the requirement of newly discovered evidence of actual innocence under § 2255(h)(1)). Transfer therefore is inappropriate. *See Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992) ("Transfer is also improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case.").

## ORDER

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction.

DATED: November 1, 2016

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
   Alexander F. MacKinnon
United States Magistrate Judge